1

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT FOR THE

7                     EASTERN DISTRICT OF CALIFORNIA

8

TERRY KUAN GONG,                    )      1:11cv02044 AWI DLB

9                                    )

                                     )

10                                   )      ORDER DENYING MOTIONS

          Plaintiff,                 )

11                                   )      (Documents 14, 15 and 16)

     vs.                             )

12                                   )

LEON PENATTA, et al.,                )

13                                   )

                                     )

14        Defendants.                )

_____     )

15

16          On December 12, 2011, Plaintiff Terry Kuan Gong, appearing pro se, filed this employment

17    discrimination action under Title VII of the Civil Rights Act of 1964, the Americans with

18    Disabilities Act and the Age Discrimination in Employment Act.  Plaintiff paid the filing fee and the

     Clerk issued summonses on December 15, 2011.

19

20          On January 17, 2012, Plaintiff filed numerous motions with the Court.  For the reasons that

21    follows, the Court DENIES the motions.

22    A.    Motions Related to Service Issues

23          Plaintiff has filed motions entitled, "Motion to Compel the Department of Defense to

24    Cooperate and Allow the Plaintiff and Designated Process Servers to Serve Summons and

25    Subpoenas to Defendants on All Military Extraterritory Jurisdictions," "Motion to Appoint Process

26    Servers for the Plaintiff," "Motion in Limine Exclusionary that any Department of Defense Motions

27    to Invoke or to Imply the Hague Convention or American Service-Members Protection Act Rule Be

28                                            1

1   Used in this Civil Lawsuit," and "Motion by the Plaintiff for a Federally Issued Statement or

2   Mandate for Cooperation By DOD Entities Not Named in the Lawsuit."

3        Plaintiff's motions are related to service of process.  In his Motion to Compel the Department

4   of Defense to Cooperation, Plaintiff cites his "fears" of denial of access to the public and residential

5   areas of the military base and his subsequent inability to serve the complaint.  Similarly, his motion

6   related to the Hague Convention and his motion for a statement from this Court demanding

7   cooperation are based on his fears that he will be unable to serve his complaint.

8        As a threshold issue, this Court generally does not have power to issue orders to entities or

9   individuals that have not been brought within the jurisdiction of the Court.  Therefore, the Court

10  cannot direct orders to the individuals or entities identified by Plaintiff.

11       At this stage in the litigation, Plaintiff must serve the summons and complaint upon

12  Defendants.  Plaintiff is not proceeding in forma pauperis and he is therefore responsible for serving

13  Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.  Unless good cause

14  for an extension of time is shown, Plaintiff must complete service of process and file proof thereof

15  with the Court within 120 days. Fed. R. Civ. P. 4(m).

16       Plaintiff has the option of notifying Defendants of the commencement of this action and

17  requesting that they waive service of the summons.  Fed. R. Civ. P. 4(d)(1).  If Plaintiff wishes to do

18  this, he must mail each Defendant (1) the form entitled "Notice of Lawsuit and Request for Waiver

19  of Service for Summons," (2) the form entitled "Waiver of Service of Summons," and (3) a copy of

20  the complaint.  The documents must be addressed directly to each Defendant (not the Attorney

21  General's Office or any other governmental entity), and the documents must be sent by first-class

22  mail or other reliable means.  Id.  The Waiver of Service of Summons form must set forth the date on

23  which the request is sent and must allow each Defendant at least thirty days to return the waiver to

24  Plaintiff.  If Defendants sign and return the waiver forms to Plaintiff, Plaintiff must then file the

25  forms with the Court.  After filing the forms with the Court, Plaintiff does not need to do anything

26  further to serve Defendants. Fed. R. Civ. P. 4(d)(4).

27

28                                                    2

1   Plaintiff must effect personal service on any Defendants whom Plaintiff does not request to

2   waive service and on any Defendants who are requested to waive service but fail to return the Waiver

3   of Service of Summons form to Plaintiff.  In either situation, the summons and a copy of the

4   complaint must be personally served on each Defendant (not the Attorney General's Office or any

5   other governmental entity).  Plaintiff may not effect personal service himself. Fed. R. Civ. P. 4(c)(2).

6   Service may be effected by any person who is not a party to this action and who is at least eighteen

7   years old. Id.  Plaintiff should review Rule 4(e), as it more fully addresses how personal service is

8   effected.  Plaintiff should also review Rule 4(f), which addresses service of individuals in a foreign

9   county, and 4(i), which address service of the United States and its agencies, corporations, officers or

10   employees.

11   Finally, Plaintiff requests that the Court appoint 4 specified individuals as process servers.

12   While the Court has authority to appoint the United States Marshal to effect service under Rule

13   4(c)(3), such an appoint is generally made only when the plaintiff proceeds in forma pauperis.

14   Moreover, if Plaintiff wants these individuals to serve the complaint, they may do so provided they

15   meet the requirements of Rule 4(c)(2): "Any person who is at least 18 years old and not a party may

16   serve a summons and complaint."  Plaintiff's motion is therefore unnecessary.

17   Based on the above, Plaintiff's "Motion to Compel the Department of Defense to Cooperate

18   and Allow the Plaintiff and Designated Process Servers to Serve Summons and Subpoenas to

19   Defendants on All Military Extraterritory Jurisdictions," "Motion to Appoint Process Servers for the

20   Plaintiff," "Motion in Limine Exclusionary that any Department of Defense Motions to Invoke or to

21   Imply the Hague Convention or American Service-Members Protection Act Rule Be Used in this

22   Civil Lawsuit," and "Motion by the Plaintiff for a Federally Issued Statement or Mandate for

23   Cooperation By DOD Entities Not Named in the Lawsuit" are DENIED.

24   B.   Motions Related to Discovery

25   Plaintiff also makes three motions related to discovery.  In his "Motion for the Plaintiff as Pro

26   Se Litigant to Be Allowed to Make Direct Contact with Defendants," he requests that the Court

27   allow him to "distribute subpoenas for the production of evidence" to Defendants.  Similarly, he

28

1    brings two motions entitled, "Motion in Limine Inclusionary," in which he requests that the Court

2    issue subpoenas in an effort to gather evidence.

3           Discovery is premature at this time, however, as there is no evidence of service.  If and when

4    Defendants are served, Plaintiff will work directly with Defendants to obtain discovery.  Court

5    permission is not necessary for discovery requests.  Discovery is self-executing until such time as a

6    party becomes dissatisfied with a response and seeks relief from the Court pursuant to the Federal

7    Rules of Civil Procedure.  Interrogatories, requests for admissions, requests for production of

8    documents, and responses thereto shall not be filed with the Court until there is a proceeding in

9    which the document or proof of service is at issue.  Such documents are to be served on the opposing

10   party, and not with the Court.  Discovery requests improperly filed with the Court shall be stricken

11   from the record.

12          Plaintiff is also advised that subpoenas are issued to non-parties under certain circumstances.

13   The Court will consider granting such a request *only if* the documents sought from the non-party are

14   discoverable, are not equally available to Plaintiff, and are not obtainable from Defendants through a

15   request for production of documents.  Fed. R. Civ. P. 45(c); Fed. R. Civ. P. 34.

16          Accordingly, Plaintiff's "Motion for the Plaintiff as Pro Se Litigant to Be Allowed to Make

17   Direct Contact with Defendants," "Motion in Limine Inclusionary for the Plaintiff's Employment

18   and Personnel Information from GET Marketing for Court Examination," and "Motion in Limine

19   Inclusionary for AAFES Email Message Traffic Between AAFES and GET Marketing and All

20   AAFES Generated Memos and Customer Complaints on the Plaintiff for Court Examination" are

21   DENIED.

22          IT IS SO ORDERED.

23   **Dated:   January 23, 2012**              _____/s/ **Dennis L. Beck**_____
                                                 UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28                                                    4