UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY KUAN GONG, | CASE NO. 1:11-cv-02044-AWI-MJS |
| Plaintiff, | ORDER TRANSFERRING ACTION TO NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION |
| v. | |
| LEON E. PENATTA, et al., | (ECF NOS. 43, 48) |
| Defendants. | ORDER DENYING MISCELLANEOUS MOTIONS |
| | (ECF NOS. 45, 53) |

I.  **INTRODUCTION**

On December 12, 2011, Terry Kuan Gong ("Plaintiff"), proceeding pro se, filed this wrongful termination action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII")[1], the Age Discrimination in Employment Act of 1967 ("ADEA"),[2] and Title I of the Americans

---

[1] 42 U.S.C. § 2000e *et seq*.

[2] 29 U.S.C. § 630 *et seq*.

-1-

with Disabilities Act of 1990 ("ADA").[3]

Plaintiff names the following Defendants: (1) Leon Penatta, Secretary of Defense, the U.S. official in charge of the Army Air Force Exchange Service ("AAFES"), the DOD Inspector General's Office, and the Pacific Air Forces EEO Office ("Penatta"); (2) Thomas Demicke, a U.S. Citizen living in Japan and a civilian employee of the Department of Defense ("Demicke"); and (3) James K. Gordon, CEO of GET Marketing Inc. ("Gordon"), a Texas based company contracted to the military to operate the Kadena, Japan , computer sales concession where Plaintiff worked.

Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 17.)

The Court has the following matters before it: (1) Motion by Gordon to Dismiss for Improper Venue,[4] (ECF No. 43, 48); (2) Motion by Gordon to Dismiss for Improper Pleading,[5] (ECF No. 44, 49); (3) Motions by Plaintiff to Strike and Dismiss [sic] in opposition to Gordon's Motion to Dismiss for Improper Venue (ECF No. 45, 53); and (4) Plaintiff's Motion to Amend the Original Complaint Paragraph 5. (ECF No. 56.)

## II.  **FACTUAL AND LEGAL BACKGROUND**

Plaintiff's Complaint is exceedingly lengthy and confusing. It seems to complain about his alleged wrongful termination from civilian employment at the Kadena Exchange Main Store ("Store") located on Kadena Air Base, a United States military base in Kadena, Japan. The events alleged in the Complaint occurred in Japan.

---

[3] 42 U.S.C. § 12101 *et seq*.

[4] Fed. R. Civ. P.12(b)(3).

[5] Fed. R. Civ. P.8.

Plaintiff, a U.S. citizen living in Japan, worked at the Store as a computer sales consultant. He was employed by Gordon and the Army Air Force Exchange Service, a federally funded corporation based in Dallas, Texas. (Compl. p. 2, ECF No. 1.)

Plaintiff contends his termination from employment was due to unlawful discrimination. He has filed a related complaint with the federal Equal Employment Opportunity Commission in Dallas, Texas. Its final disposition is uncertain. (Compl. at 36.)

Summons have been issued to Plaintiff and the Complaint is out for service. (ECF Nos. 5, 6, 7, 30, 31, 38, 42.)

## III.  ANALYSIS

### 1. Improper Venue

Defendant Gordon moves to dismiss, or alternatively transfer this action, based upon improper venue. A motion to dismiss for improper venue challenges a plaintiff's forum selection.[6] All well-plead allegations in the complaint bearing on venue are taken as true.[7] The moving party must present facts defeating the plaintiff's assertion of venue.[8]

Generally a civil action may be brought in (1) a judicial district in which any defendant resides,[9] if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim

---

[6] Fed. R. Civ. P. 12(b)(3).

[7] Doe 1 v. AOL LLC, 552 F.3d 1077, 1081 (9th Cir. 2009).

[8] Pierce v. Shorty Small's of Branson Inc., 137 F.3d 1190 (10th Cir. 1998).

[9] A natural person is deemed to reside in the judicial district in which that person is domiciled. 28 U.S.C. § 1391(c)(1). A corporation in a state with multiple judicial districts is deemed to reside in any district having sufficient contacts for personal jurisdiction or in the absence thereof the most significant contacts. 28 U.S.C. § 1391(d).

occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.[10]

An action in which a defendant is an officer, employee, or agency of the United States may be brought in (1) a judicial district in which a defendant resides; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) a judicial district in which the plaintiff resides.[11]

A Title VII action must be brought in either (1) the judicial district in the state in which the unlawful employment practice is alleged to have been committed; (2) the judicial district where the relevant employment records are maintained and administered; (3) the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practices; or (4) the judicial district in which the respondent has his principal office.[12] The Title VII venue provision controls over the general federal venue provision.[13]

The allegations in Plaintiff's Complaint, taken as true, fail to demonstrate proper venue in the Eastern District of California. No Defendant resides in this judicial district. None of the events in issue took place in this judicial district. No relevant record is located in this judicial district.

---

[10] 28 U.S.C. § 1391(b).

[11] 28 U.S.C. § 1391(e).

[12] 42 U.S.C. § 2000e-5(f)(3). For purposes of Sections 1404 and 1406 of Title 28 [dealing with discretionary transfer], the judicial district in which the respondent has his principal office shall be considered a district in which the action might have been brought. 42 U.S.C. § 2000e-5(f)(3).

[13] 42 U.S.C. § 2000e-5; Pierce, 137 F.3d 1190.

Nor does it appear that an exercise of personal jurisdiction over Defendants by this Court would be consistent with due process and the California long-arm statute.[14] The Complaint alleges no facts showing any Defendant has due process "contacts" with California.

Gordon, in its affidavit supporting Motion to Dismiss for Improper Venue, states that James Gordon is a resident of Texas; Gordon's Enhanced Technology Marketing, Inc., is a Texas corporation; the principal offices of James Gordon and Gordon's Enhanced Technology Marketing, Inc. are in Dallas County, Texas; all records relevant to this lawsuit are located at its principal offices in Dallas County, Texas; AAFES headquarters are located in Dallas County, Texas; and that Dallas County, Texas is within the Northern District of Texas, Dallas Division. (ECF No. 48.) See Pierce, 137 F.3d at 1192 (defendant's affidavit in support of motion to dismiss for improper venue, containing facts showing location of violation, records, and principal office of defendant, sufficient to support the motion).

Plaintiff's opposition documents fail to controvert the facts alleged by Gordon or otherwise support venue in this judicial district. Plaintiff alleges he is an absentee voter in this judicial district, that he has family in this district, and that he prefers to litigate his claims in this judicial district. (ECF No. 45, 53.) None of these allegations, taken as true, support venue in the Eastern District of California.[15] The Court notes that Plaintiff filed his related

---

[14] J. McIntyre Machinery, Ltd. V. Nicastro, 131 S.Ct. 2780, 2787 (2011); see Autogenomics, Inc. v. Oxford Gene Technology Ltd., 566 F.3d 1012 (9th Cir. 2009) ("California's long-arm statute [Cal. Code Civ. P. § 410.10] is coextensive with the limits of due process").

[15] Plaintiff's citation to Fed. R. Civ. P. 4(k)(2), (see ECF 45, 53), dealing with territorial limits on effective service of summons on a defendant not subject to any state's courts of general jurisdiction, does not establish venue in the Eastern District, or controvert the facts alleged by Gordon.

EEOC complaint with the Dallas, Texas EEOC office, consistent with venue in Texas.[16]

Venue is not proper in the Eastern District of California. When a case is filed in the wrong division or district, the courts may dismiss or transfer the action depending on whether the interests of justice favor a transfer.[17]

"In determining whether in the interests of justice the action should be transferred, [the court] may consider: (1) the convenience of parties; (2) the convenience of witnesses; (3) the relative ease of access to sources of proof and the locus of operative facts; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems indicating where the action can be tried more expeditiously and inexpensively (e.g. calendar congestion); and (7) the totality of the circumstances." French Transit, Ltd., v. Modern Coupon Systems, Inc. 858 F.Supp. 22, 27 (S.D.N.Y. 1994).

Upon consideration of these factors, transfer of this action to the United States District Court of the Northern District of Texas, Dallas Division, is appropriate. No factor favors venue in the Eastern District of California. Accordingly, the Court grants alternative relief under Gordon's Motion to Dismiss for Improper Venue transferring this case to the United States District Court of the Northern District of Texas, Dallas Division

**2.   Improper Pleading**

---

[16] Compl. at 23. An Equal Employment Opportunities Commission right-to-sue letter is typically required before a federal employment discrimination suit commences.

[17] 28 U.S.C. § 1406(a); District No. 1, Pacific Coast Dist., M.E.B.A. v. State of Alaska, 682 F.2d 797, 799 (9th Cir. 1982); see also Goldlawr, Inc., v. Heiman, 369 U.S. 463, 466 (1962) (lack of personal jurisdiction in transferring court not a bar to transfer).

Defendant Gordon moves to dismiss this action for failure to properly plead.[18] Gordon asserts the Complaint "rambles on for 35 pages with additional attachments", with "multiple and confusing allegations", in violation of the pleading requirement for a short and plain statement showing entitlement to relief.

All pleadings must contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the party is entitled to relief, and (3) a demand for the relief sought.[19] Each allegation in the pleading must be simple, concise, and direct.[20] The short and plain statement requirement "forbids the prolix recitation of probable evidence."[21]

A court has discretion to determine whether there has been a reasonable compliance with the requirement that each averment be simple, concise and direct. See Carrigan v. California State Legislature, 263 F.2d 560, 566 (9th Cir. 1959) (finding no abuse of discretion in dismissing a complaint for failure to state cause of action concisely, plainly, simply, shortly and directly [per Rule 8 (a)(2)] where complaint consisted of 27 pages of legal theories, 9 pages of relief demanded, and 150 pages of intervening hearsay conversation, plaintiff conclusions, self serving statements, statements by non-defendants, and other such matter); see also Fisher v. United Feature Syndicate, Inc., 37 F.Supp.2d 1213, 1216 (D. Colo. 1999) (lengthy and rambling complaint properly dismissed); see also

---

[18] Pursuant to Fed. R. Civ. P. 8.

[19] Fed. R. Civ. P. 8(a).

[20] Fed. R. Civ. P. 8(d)(1).

[21] Millet v. Godchauz Sugars, Inc., 241 F.2d 264, 266 (5th Cir. 1957).

Hakman v. Kotchick, 129 F.R.D. 432, 433 (N.D. N.Y. 1990) (complaint containing little more than demands, charges, and conclusions properly dismissed); see also Quat v. Horowitz, 882 F.Supp. 1296 (E.D.N.Y. 1995) (confused, ambiguous and unintelligible 76 page complaint naming six defendants properly dismissed with leave to amend).

Plaintiff's Complaint likely fails to comply with Rule 8 of the Federal Rules of Civil Procedure.  It  consists of 29 single-spaced pages of ambiguous, disjointed, self-serving and conclusory narrative, hearsay and evidentiary allegations that are difficult to understand and relate to any  purported theory  of action. The relief sought is set out in an additional 6 partially intelligible, single-spaced pages,  seeking a variety of redress, largely beyond the jurisdiction of the Court and unavailable under Plaintiff's theories of action. There is fair question whether Defendants might be prejudiced in their ability to understand the Complaint and mount a defense. Warner Bros. Entertainment Inc. v. Ideal World Direct 516 F.Supp.2d 261, 269 (S.D.N.Y. 2007).

Plaintiff's Opposition document (ECF No. 55) in essence incorporating his Motion to Amend Paragraph 5 (ECF No. 56) fails to controvert or counter Gordon's showing.  It simply requests leave to partially amend or supplement one paragraph of the Complaint. No such amendment would resolve the deficiencies in this Complaint.

Accordingly, this court concludes that there is merit to Defendant's pleading motion. However,  given our  decision to transfer the action, the Court should and will defer to the transferee court to issue a ruling on that motion.

### 3. Miscellaneous Motions

For the reasons stated above, Plaintiff's Petition for Motion to Strike (ECF No. 45), and Motion to Dismiss (ECF No. 53) are each DENIED.

## IV. ORDER

Based on the foregoing, it is **HEREBY ORDERED** that:

1. This action is transferred to the United States District Court for the Northern District of Texas, Dallas Division; and

2. Plaintiff's Petition for Motion to Strike (ECF No. 45), and Motion to Dismiss (ECF No. 53), are denied.

3. Action on Defendant's pleading motion is deferred as stated above.

IT IS SO ORDERED.

Dated: March 2, 2012         /s/ *Michael J. Seng*
ci4d6                        UNITED STATES MAGISTRATE JUDGE